UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT CHARLES TAYLOR,

    Plaintiff,

v.

Case No. 12-12207
Honorable Thomas L. Ludington

JAMES E. ABLE, DONALD L. BAILEY,
and BRIAN KRAKOWSKI,

    Defendants.
_____/

## ORDER DISMISSING CASE WITHOUT PREJUDICE

On April 12, 2013, the Court granted Plaintiff Robert Taylor's attorneys' motions to withdraw from the case. That same day, the Court directed Plaintiff to "inform the clerk of court, by written correspondence," how he planned to proceed — whether with new counsel or in *pro se*. Plaintiff was given until April 26, 2013 to complete the task.

Because he did not do so, on May 3, 2013, Plaintiff was ordered to show cause why the case should not be dismissed for want of prosecution. Plaintiff was warned that if he did not, his case would be dismissed without prejudice, and he was given two weeks' time to respond. As of today's date, Plaintiff has not responded in any way.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of a case, upon motion by the defendant, "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Although Defendants have filed no such motion, the Court has the inherent power to dismiss claims *sua sponte* for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962).

When considering whether dismissal of an action is appropriate for failure to prosecute, a court may consider:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*White v. Bouchard*, No. 05–73718, 2008 WL 2216281, at * 5 (E.D. Mich. May 27, 2008) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).  Application of these four factors to this case weighs in favor of dismissal.

Plaintiff's failure to comply with the Court order can only be willful.  He was instructed on April 9, 2013 that to proceed, he either needs a lawyer or to go forward in *pro se*.  The Court issued an order on April 12, 2013 requiring Plaintiff to inform the Court which method he wished to pursue, and his answer was due by April 26.  When Plaintiff failed to make that indication, he was ordered to show cause, and he was warned that if he failed to comply again his case would be dismissed for want of prosecution.  Plaintiff ignored this Court order as well.  The Court will not allow the case to languish under these circumstances, and it will be dismissed.

Accordingly, it is **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED** without prejudice.  This is a final order and closes the case.

Dated: May 20, 2013                                             s/Thomas L. Ludington
                                                                THOMAS L. LUDINGTON
                                                                United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Robert Taylor, 325 Rich Street, Ionia, MI 48846 by first class U.S. mail, on May 20, 2013.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS